UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DUANE ZIEMBA, : | |
|     Plaintiff, : | |
| : | PRISONER |
| v. : | CASE NO. 3:10-cv-717 (SRU) (WIG) |
| : | |
| ANN E. LYNCH, et al., : | |
|     Defendants. : | |

### RULING AND ORDER

The plaintiff has filed motions asking the court not to consider the defendants' motion to dismiss because the defendants attached twelve exhibits to their motion and seeking an extension of time to respond to the motion to dismiss. For the reasons that follow, the plaintiff's motions are denied.

The plaintiff is correct that, when reviewing a motion to dismiss filed pursuant to Rule 12(b)(6), Fed. R. Civ. P., the court considers only the allegations of the complaint, any document attached to the complaint or relied on by the plaintiff, and other facts of which judicial notice may be taken. *See Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).

However, only two of the five grounds included in the motion to dismiss rely on Rule 12(b)(6). The remaining grounds seek dismissal as a sanction for litigation abuses. The defendants have not presented any evidence in connection with their requests to dismiss pursuant to Rule 12(b)(6), and do not ask the court to consider any matter beyond the amended complaint when reviewing these grounds to dismiss. Thus, the court need not treat the motion to dismiss as a motion for summary judgment, as permitted under Rule 12(d), Fed. R. Civ. P.

Courts customarily conduct evidentiary hearings when considering a motion for sanctions

for fraud on the court.  *See Shah v, Eclipsys Corp.*, No. 08-CV-2528(JFB)(WDW), 2010 WL 2710618, at *15 (E.D.N.Y. Jul. 7, 2010) (citing cases).  The court has scheduled an evidentiary hearing in this case and may consider evidence to determine whether sanctions should be imposed.  The first five exhibits are offered to support the defendants' request for dismissal as a sanction for litigation abuses.  The court may consider these documents as well as testimony or other evidence presented at the hearing when deciding whether sanctions should be imposed.  The last seven documents are copies of case law.  Case law is not evidence and may be considered by the court when reviewing any of the grounds for relief.

The plaintiff's motion to exclude [**Doc. #60**] is **DENIED**.  The plaintiff shall file his response to the motion to dismiss within **twenty-one (21)** days from the date of this order.  The plaintiff's motion for extension of time [**Doc. #74**] is **DENIED** as moot.

**SO ORDERED** at Bridgeport, Connecticut this   29th   day of June, 2011.

  /s/ *William I. Garfinkel*
William I. Garfinkel
United States Magistrate Judge