UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


DUANE ZIEMBA,                    :
        Plaintiff,         :
                      :
    v.                          :        CASE NO. 3:10-cv-717 (SRU) (WIG)
                      :
ANN E. LYNCH, et al.,           :
        Defendants.       :


**RULING ON MOTION IN LIMINE**

The plaintiff seeks to exclude from use in this case or at the evidentiary hearing scheduled for August 9, 2011, any reference to his alleged improper use of *in forma pauperis* status in three previously dismissed cases. For the reasons that follow, the plaintiff's motion is denied.

A motion in limine allows the trial court to rule in advance of trial on the admissibility and relevance of evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The court should exclude evidence only when the evidence is clearly inadmissible on all potential grounds. *Potenza v. City of New York, Dep't of Transp.*, No. 04–CV–2434(KAM)(RLM), 2009 WL 2156917, at * 3 (E.D.N.Y. July 15, 2009).

The plaintiff cites five reasons for his request: (1) the court lacks jurisdiction to consider matters from other cases that were dismissed in 2008 or enter rulings in those cases, (2) the court has no power to sanction him because he committed no litigation abuses, (3) the defendants lack standing to ask that the three prior cases be reopened and relitigated, (4) the plaintiff can incorporate the claims from the prior cases to support his claims of retaliation in this case, and (5) the defendants should be sanctioned for misrepresenting the facts and filing their motion to dismiss and for an evidentiary hearing.

The defendants have moved to dismiss this case, *inter alia*, as a sanction for litigation abuses including the presentation of allegedly fraudulent memoranda in this case and a pattern of abusing *in forma pauperis* status in prior cases. The court has scheduled an evidentiary hearing to consider these claims and determine whether the requested sanction is warranted.

In his first and third grounds, the plaintiff assumes that the court intends to enter orders in the three 2008 cases. That is incorrect. Any order will be entered in this case. If the court finds that the plaintiff has committed litigation abuses, the court can enter sanctions in this case. The court does not intend to reopen any prior case or enter an order in any of the prior cases. Nor have the defendants requested that the prior cases be reopened.

The plaintiff argues in his amended complaint that the defendants retaliated against him by denying him access to the courts in the prior cases and states in his motion in limine that he is incorporating the prior actions into this case to establish his retaliation claim. *See* Doc. #83 at 7. The court must determine whether the defendants violated the plaintiff's right of access to the courts to assess his retaliation claim. To state a claim for denial of access to the courts, the plaintiff must show that the defendants acted deliberately and maliciously and that he suffered an actual injury. To establish an actual injury, the plaintiff must allege facts showing that the defendants took or were responsible for actions that frustrated or impeded a non-frivolous action. *See Lewis v. Casey*, 518 U.S. 343, 353-53 (1996). The court would have to consider the merits of the prior cases to determine whether they were non-frivolous and the circumstances surrounding the dismissals to determine whether the defendants were responsible.

Information regarding the plaintiff's alleged abuse of *in forma pauperis* status is admissible to challenge his claim of denial of access to the courts. In addition, the information is

central to the evidentiary hearing regarding whether the plaintiff committed litigation abuses.

Accordingly, the plaintiff's motion in limine [**Doc. #83**] is **DENIED**.

 **SO ORDERED** at Bridgeport, Connecticut this 4 day of October 2011.


 /s/   Stefan R. Underhill
 Stefan R. Underhill
 United States District Judge